**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ERNESTINE BANKS,**

                               **Plaintiff,**

    **vs.**                                                     **1:16-CV-1320**
                                                                   **(MAD/DJS)**

**AVIS BUDGET GROUP,**

                                 **Defendant.**

_____

**APPEARANCES:**                            **OF COUNSEL:**

**ERNESTINE BANKS**
587 Broadway
Apartment Q6
Menands, New York 12204
Plaintiff *pro se*

**LITTLER MENDELSON P.C.**            **SEAN A. MALLEY, ESQ.**
900 Third Avenue                          **A. MICHAEL WEBER, ESQ.**
New York, New York 10022
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff commenced this action on November 4, 2016, alleging sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* *See* Dkt. No. 1. On March 29, 2017, Defendant moved to dismiss Plaintiff's complaint. *See* Dkt. No. 18-1. In its motion, Defendant argues that Plaintiff's complaint is barred by the applicable statute of limitations because Plaintiff waited almost two years after receiving her right to sue letter from the Equal Employment Opportunity Commission ("EEOC") to file the present lawsuit. *See id.* at 2. Plaintiff did not respond to Defendant's motion.

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of

2

entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

In order to pursue a Title VII claim in federal court, a plaintiff, in general, must comply with the limitations period in 42 U.S.C. § 2000e-5(f)(1). This section provides that, if a charge filed with the EEOC is dismissed, the EEOC shall notify the aggrieved person and, within ninety days after the giving of such notice, a civil action may be brought against the respondent named in the charge. *See* 42 U.S.C. § 2000e–5(f)(1). This section has been held to mean that the limitations period begins running from the time that the plaintiff receives the right-to-sue letter. *See Cornwell v. Robinson*, 23 F.3d 694, 706 (2d Cir. 1994) ("[A] suit must be commenced not more than 90 days after receipt of the right-to-sue letter"). Absent sufficient evidence to the contrary, it is presumed that a plaintiff received his or her right to sue letter three days after its mailing. *See Johnson v. St. Barnabas Nursing Home*, 368 Fed. Appx. 246, 248 (2d Cir. 2010) (citing *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996)).

It is well settled that if a plaintiff does not file suit within 90 days of receiving the EEOC's right-to-sue letter, the action must be dismissed, unless extraordinary circumstances have been established. *See Skibinski v. Zevnik, Horton, Guibord, McGovern, Palmer & Fognani, LLP.*, 57

Fed. Appx. 900, 901 (2d Cir. 2003). "The filing deadline for the formal complaint is not jurisdictional and, like a statute of limitations, is subject to equitable tolling[, which] is only appropriate in rare and exceptional circumstances." *Zerilli-Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotation marks and citations omitted).

On or about July 24, 2013, Plaintiff filed a charge with the EEOC alleging discrimination based on sex. *See* Dkt. No. 1 at 6. The EEOC issued a Notice of Right to Sue (the "Notice"), stating that it was mailed to Plaintiff on January 27, 2015. *See id.* at 8. The January 27, 2015 Notice clearly informed Plaintiff of the deadline to file a lawsuit, indicating that any such lawsuit must be filed "**WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." *Id.* (emphasis in original). Similarly, the second page of the Notice, entitled "Information Related to Filing Suit Under the Law Enforced by the EEOC," instructed Plaintiff that, "[i]n order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost." *Id.* at 9 (emphasis in original).

Plaintiff filed her complaint in this Court on November 4, 2016, which is 647 days after the EEOC mailed her the Notice. *See* Dkt. No. 1 at 1. Plaintiff's complaint provides no explanation for her failure to file her lawsuit within the ninety-day period. As such, the Court finds that Plaintiff's complaint is untimely. Since the complaint provides no explanation for the untimely filing and because she failed to respond to the motion to dismiss, nothing indicates that equitable tolling should apply in this case.

Accordingly, the Court hereby

**ORDERS** that Defendant's motion to dismiss is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 15, 2018
      Albany, New York

Mae A. D'Agostino
U.S. District Judge